IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: _____ |
| v. | : | DATE FILED: _____ |
| SHAHIDUL GAFFAR<br>NABILA KHAN | : | VIOLATION:<br>18 U.S.C. § 371 (conspiracy to provide material support to foreign terrorist organization – 1 count)<br>Notice of forfeiture |

## INFORMATION

### COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

### BACKGROUND

At all times material to this information unless otherwise stated:

1. The Islamic State of Iraq and al-Sham, also known as ISIS or ISIL, is a Foreign Terrorist Organization ("FTO") under the laws of the United States. On or about October 15, 2004, the United States Secretary of State designated the predecessor organization to ISIS, then known as al-Qaeda in Iraq ("AQI"), also known as Jam'at al-Tawhid wa'al-Jihad, as an FTO under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive order 13224. Additionally, on or about May 15, 2014, the Secretary of State amended the designation of AQI as an FTO under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary of State also added the following aliases to the FTO listing: The Islamic State of Iraq and al-Sham, The Islamic State of Iraq and Syria, ad-

Dawla al-Islamiyya fi al-Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furquan Establishment for Media Production. On September 21, 2015, the Secretary added the following aliases to the FTO listing: Islamic State, ISIL, and ISIS (which is how the FTO will be referenced herein). To date, ISIS remains a designated FTO.

2. Defendant SHAHIDUL GAFFAR was a native of Bangladesh and a naturalized United States citizen residing in the Eastern District of Pennsylvania.

3. Defendant NABILA KHAN was a native of Bangladesh, the wife of defendant SHAHIDUL GAFFAR, and a legal permanent resident of the United States residing in the Eastern District of Pennsylvania.

4. YPK was a native of Bangladesh and the mother of four grown children: JK, IK, defendant NABILA KHAN, and NK. YPK resided in Saudi Arabia and Bangladesh for the duration of the conspiracy.

5. JK was a native of Bangladesh and the oldest brother of defendant NABILA KHAN. JK resided in Bangladesh until in or about early February 2015, when he moved to Syria to join ISIS fighters.

6. IK was a native of Bangladesh and the second oldest brother of defendant NABILA KHAN. IK came to the United States in or about August 2013 on a student visa to attend school and later resided with defendants SHAHIDUL GAFFAR and NABILA KHAN in the Eastern District of Pennsylvania from in or about June 2014 to in or about February 2015. On or about February 22, 2015, IK returned to Bangladesh, where he resided with his family. In or about July 2015, IK traveled to Syria to join ISIS fighters. IK was killed in the fighting in Syria in or about March 2019.

7. NK was a native of Bangladesh and the twin sister of defendant NABILA KHAN. NK resided in Bangladesh.

## THE CONSPIRACY

8. From on or about May 15, 2014 to on or about October 3, 2017, in the Eastern District of Pennsylvania, and elsewhere, defendants

**SHAHIDUL GAFFAR and
NABILA KHAN**

conspired and agreed together, and with YPK, JK, IK, and NK, and others known and unknown to the grand jury, to commit an offense against the United States, that is, to provide material support and resources, specifically, personnel, to a foreign terrorist organization, namely, ISIS, designated as such on or about May 15, 2014, knowing that the organization was a designated terrorist organization and that the organization had engaged in and was engaging in terrorist activity and terrorism, and defendant SHAHIDUL GAFFAR being a United States national and defendant NABILA KHAN being a United States legal permanent resident, in violation of Title 18, United States Code, Section 2339B.

## MANNER AND MEANS

It was a part of the conspiracy that:

9. Defendants SHAHIDUL GAFFAR and NABILA KHAN provided and attempted to provide financial support to JK and IK for the purpose of JK and IK traveling to Syria to join ISIS fighters.

10. Defendants SHAHIDUL GAFFAR and NABILA KHAN concealed and attempted to conceal JK's and IK's travel to Syria to join ISIS, and their provision and attempted provision of funds to JK and IK for that purpose.

## OVERT ACTS

In furtherance of this conspiracy, defendants SHAHIDUL GAFFAR and NABILA KHAN, and others known and unknown to the grand jury, committed and caused to be committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about September 30, 2014, defendant NABILA KHAN exchanged multiple private messages with JK via an online messaging application, discussing JK's need for hiking equipment and boots in preparation for his travel to Syria.

2. On or about October 4, 2014, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, discussing JK's plans to travel to Syria.

3. On or about October 30, 2014, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, discussing JK's plan to travel to Syria and defendant KHAN's support and the family's support of his plan.

4. On or about November 12, 2014, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, discussing IK's plan to travel to Bangladesh.

5. On or about January 6-7, 2015, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, in which defendant KHAN requested that NK sell defendant KHAN's gold jewelry in Bangladesh and give the proceeds to JK for his travel to Syria.

6. On or about January 7, 2015, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, discussing NK's plan to move her family to Syria.

7. On or about January 25, 2015, defendant NABILA KHAN traveled from the United States to Bangladesh to see JK and wish him farewell before his departure for Syria in early February 2015.

8. In or about early February 2015, JK departed Bangladesh to join ISIS on the battlefield in Syria.

9. On or about February 6, 2015, defendant SHAHIDUL GAFFAR exchanged multiple private messages with his mother-in-law, YPK, via an online messaging application, discussing JK's departure for Syria to join ISIS, including the following statements as translated in part:

> GAFFAR: Peace be unto you Ma. How are you? May Allah give you and father lots of strength if Allah wills.
>
> YPK: Amen. Peace be unto you. How are you? Babu [defendant GAFFAR] pray that I don't get defeated by Satan at the time of death. From your heart pray for [JK].
>
> GAFFAR: If Allah wills Ma. May Allah [g]rant [JK] highest status. Be [p]roud mother for the noble cause and for the sake of Allah!!!

10. On or about February 22, 2015, IK traveled from the United States to Bangladesh.

11. On or about February 23-24, 2015, defendant SHAHIDUL GAFFAR exchanged multiple private messages with IK via an online messaging application, discussing IK's return to Bangladesh and defendant GAFFAR's feelings about being left behind in "the land of great unbelievers."

12. From in or about February 2015 to in or about July 2015, defendant NABILA KHAN observed IK watch videos in Bangladesh featuring Anwar al-Awlaki, a specially designated global terrorist under Executive Order 13224 as a "key leader" of a foreign terrorist organization that justified violent jihad against the United States, and videos regarding death and paradise.

13. On or about March 6, 2015, defendant SHAHIDUL GAFFAR, in Pennsylvania, sent an international money transfer of approximately $300 to IK in Bangladesh.

14. On or about March 7, 2015, defendant SHAHIDUL GAFFAR, in the United States, sent multiple private messages to IK, in Bangladesh, via an online messaging application, explaining that he sent an international money transfer of $300 in IK's name, and would send more money later.

15. On or about March 10, 2015, defendant SHAHIDUL GAFFAR sent an international money transfer of approximately $300 to IK in Bangladesh.

16. On or about March 11, 2015, defendant SHAHIDUL GAFFAR sent a private message to IK via an online messaging application, explaining that he sent an international money transfer of $300 to IK and would send another $300 soon.

17. On or about March 28, 2015, defendant SHAHIDUL GAFFAR sent an international money transfer of approximately $2,478 to IK in Bangladesh.

18. On or about March 29, 2015, defendant SHAHIDUL GAFFAR sent a private message to IK via an online messaging application, explaining that he sent an international money transfer of $2,478 to IK, $278 of which was for IK.

19. On or about June 21, 2015, defendant SHAHIDUL GAFFAR sent an international money transfer of approximately $1,000 to IK in Bangladesh.

20. On or about June 21, 2015, defendant SHAHIDUL GAFFAR sent multiple private messages to IK via an online messaging application, explaining that he sent an international money transfer of $1,000 to IK.

21. On or about June 30, 2015, defendant SHAHIDUL GAFFAR sent two international money transfers of approximately $1,000 and $500 to IK in Bangladesh.

22. On or about June 30, 2015, defendant SHAHIDUL GAFFAR sent multiple private messages to IK via an online messaging application, explaining that he sent two international money transfers of $1,000 and $500 to IK, of which $500 was for IK.

23. On or about June 30, 2015, defendant SHAHIDUL GAFFAR sent a message to defendant NABILA KHAN in Bangladesh via an online messaging application, which read in part, as translated, "Let [IK] know that I will manage and send 3000 dollars if Allah wills." Defendant GAFFAR continued, "Let's help him, my love, for the good cause who knows that might be enough to get forgiveness from Allah and accept[ance] [in]to heaven."

24. On or about July 1, 2015, defendant NABILA KHAN, in Bangladesh, sent defendant SHAHIDUL GAFFAR, in the United States, a message which read in part, as translated: "[IK] said if everything goes smoothly, he will leave [for Syria] next week." Defendant KHAN also sent defendant GAFFAR an online newspaper article about a family of 12 who traveled from the United Kingdom to live with ISIS in Syria. In response, defendant GAFFAR sent defendant KHAN a message which read, "Nice…family[.]"

25. On or about July 2, 2015, IK received the two international money transfers of $1,000 and $500 sent by defendant SHAHIDUL GAFFAR on or about June 30, 2015.

26. On or about July 2, 2015, approximately four hours after receiving the money transfers listed above in overt act 25, IK received three emails from the Republic of Turkey Electronic Visa Application System indicating that his application and payment for a Turkish e-visa had been approved.

27. On or about July 2, 2015, defendant NABILA KHAN, in Bangladesh, and defendant SHAHIDUL GAFFAR, in Pennsylvania, exchanged private messages via an online messaging application, discussing IK's departure to Syria to join ISIS. Defendant GAFFAR stated in part: "But one thing makes [all] of us strong[,] we are not lo[]sing him [IK] rather [a]ppreciating for the cause of Allah[']s work." Defendant GAFFAR continued, as translated, "May Allah give all of us strength to handle our emotions. I feel bad for mom and dad, at the same time, I feel very proud. [W]hat a lucky mom and dad."

28. On or about July 3, 2015, defendant NABILA KHAN, in Bangladesh, and defendant SHAHIDUL GAFFAR, in the United States, exchanged private messages via an online messaging application, discussing IK's departure to Syria to join ISIS. Defendant GAFFAR stated, as translated: "But what we can do is to [a]ppreciate and be proud of his [IK's] decisions." Defendant GAFFAR continued, "May Allah [a]ccept him and may his [a]cceptance be the guidance for our desire to enter [h]eaven as well." Defendant KHAN replied, as translated, "Amen." Defendant GAFFAR then commented that it was "cool" that defendant KHAN was able to observe IK's radical Islamist "changes" from "beginning to end." Defendant KHAN then remarked that she hoped their action in joining ISIS would grant JK and IK "higher status" in heaven.

29. On or about July 3, 2015, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, discussing logistics regarding IK's planned travel to Syria.

30. On or about July 4-6, 2015, defendant NABILA KHAN, in Bangladesh, and defendant SHAHIDUL GAFFAR, in the United States, exchanged multiple private messages via an online messaging application, discussing IK's travel to Syria.

31. On or about July 7, 2015, defendant NABILA KHAN, in Bangladesh, and defendant SHAHIDUL GAFFAR, in the United States, exchanged multiple private messages via an online messaging application, discussing IK's departure to Syria to join ISIS. Defendant GAFFAR stated, as translated in part, "Please stay strong during depart of our beloved brother [IK] (Resident of Jannatul Ferdaus) [the highest layer of heaven] Amen. May Allah protect him from [a]ll evils, if Allah wills." Concerned that their support of IK may be discovered by the government through their messages, defendant KHAN instructed defendant GAFFAR to delete previous messages about IK.

32. On or about July 8, 2015, defendant NABILA KHAN, in Bangladesh, and defendant SHAHIDUL GAFFAR, in Pennsylvania, exchanged multiple private messages via an online messaging application about providing financial assistance to IK to support his travel to Syria to join ISIS fighters. Defendant GAFFAR asked defendant KHAN, as translated, "Did you give some money to [IK]?" Defendant KHAN explained that she offered money to IK but IK did not take the money because his aunt had already given him $5,000. Defendant KHAN then related, as translated, that IK "was worried because the person he was supposed to contact after reaching there was martyred."

33. On or about July 8, 2015, IK accessed a social media account from an internet protocol address in Turkey while en route to Syria.

34. On or about July 16, 2015, defendant NABILA KHAN exchanged multiple private messages with NK via an online messaging application, discussing IK's arrival in Syria and reunion there with JK.

35. On or about December 26, 2015, IK sent defendant SHAHIDUL GAFFAR the following private messages, as translated, via an online messaging application:

> IK: Greetings brother, how are you? I don't think I will be able to see your reply. Brother I miss you a lot. Forgive me if I've wronged knowing and not knowing, in your presence and your absence. Hope to see you in paradise, Allah willing. I can never be thankful enough for all the things you've done for me. You've been there for me in my highs and lows. You've been patient with me when I lost it. And everything I'm today, you've a hand in it. Praise the Lord!
>
> IK: Please forgive me. Be good. See you in the next stage, Allah willing.

36. On or about May 18, 2016, NK sent a message to defendant NABILA KHAN informing her that IK had been wounded in Syria.

37. On or about August 17, 2016, YPK sent a message to defendant NABILA KHAN with photographs of IK's wounds in Syria.

38. On or about September 14, 2016, IK changed his online social media account profile picture to the following image, thereby overtly identifying himself (center) and his brother, JK (on left), as members of ISIS:



39. On or about September 15, 2016, defendant NABILA KHAN, YPK, NK, and others participated in an online chat regarding how to minimize the negative ramifications of IK's newly announced overt membership in ISIS.

All in violation of Title 18, United States Code, Section 371.

for
WILLIAM M. McSWAIN
UNITED STATES ATTORNEY

*No.*_ _ _ _ _ _ _ _ _ _

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

Criminal Division

### THE UNITED STATES OF AMERICA

vs.

SHAHIDUL GAFFAR and
NABILA KHAN

INFORMATION

Counts

18 U.S.C. § 371 (conspiracy to provide material support to
foreign terrorist organization – 1 count)
Notice of forfeiture

Filed in open court this _____day,
Of _____A.D. 20_____
_____
Clerk

Bail, $_____