IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAHIDUL GAFFAR and NABILA KHAN | Case No. 2:20-cr-00392-JDW |

**MEMORANDUM**

In this country, the justice system operates in full public view. Doing so helps to prevent abuses of power, encourages public discussion and debate about the justice system, and allows the public to have confidence in judges' decisions. As a result, the Court demands a robust showing before it will place judicial materials under seal, shielded from the public eye. That is particularly true in this case, where the materials to be placed under seal may inform future courts and litigants' analyses regarding potential sentencing disparities under 18 U.S.C. § 3553(a). The parties have attempted to make the required showing for two categories of documents: (a) marital communications between Defendants Shahidul Gaffar and Nabila Khan that could cause them embarrassment; and (b) information about the Government's investigation in connection with this case.

**I.      BACKGROUND**

On November 18, 2020, husband and wife Shahidul Gaffar and Nabila Khan pled guilty to violating 18 U.S.C. § 371 for conspiring to provide financial support to Ms. Khan's two brothers so that they could travel to Syria and fight for the Islamic State of Iraq and al-Sham ("ISIS"). The Court sentenced both Defendants on September 9, 2021. Prior to the sentencing, the Government and each Defendant filed a sentencing memorandum under seal. The Court also

sealed a portion of the sentencing hearing itself. Now, the Parties have filed a Joint Motion To Seal isolated portions of the sentencing memoranda, as well as the sidebar discussion that took place during the sentencing, all of which remain under seal.

## II.     STANDARD OF REVIEW

The common law presumes that the public has a right of access to judicial materials, which includes sentencing memoranda and transcripts. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the common law presumption to the public's right of access to judicial materials, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). As the Court has noted, this "arduous standard reflects the importance of the public's right to access public records, including those that are part of judicial proceedings." *Midwest Athletics and Sports Alliance LLC*, 2021 WL 915721, at *1 (E.D. Pa. Mar. 10, 2021).

## III.    DISCUSSION

Motions to seal judicial records require a Court to strike a balance between the public's right of access and the movant's interest in secrecy. The Court therefore must consider the interests on each side of the scale.

A.  **Defendants' Communications**

The public has a strong interest in seeing the communications between the Defendants, for several reasons. The nature of the charges made the case one of particular public interest. In addition, the Parties' sentencing arguments relied heavily on the way that family relationships impacted the Court's sentencing assessments, including Mr. Gaffar's and Ms. Kahn's relative culpability. The public has a compelling interest in seeing the information that led to this Court's sentencing decision so that it can understand and have confidence in the Court's decision.

The Parties have not made a showing that overcomes this interest. "[P]ersonal information about an individual that is embarrassing or humiliating is the sort of information that a court will protect by sealing a judicial record." *Doe v. Nat'l R.R. Passenger Corp.*, No. 94-cv-5064, 1997 WL 116979, at *1 (E.D. Pa. Mar. 11, 1997). However, "the embarrassment must be particularly serious" to warrant sealing. *Id.*; *see also Rossi v. Schlarbaum*, No. 07-cv-3792, 2008 WL 222323, at *3 (E.D. Pa. Jan. 25, 2008). It should come as no surprise to any married person that during the course of a marital dispute involving finances, Ms. Khan and Mr. Gaffar did not always speak to each other with mutual kindness and respect. As uncomfortable as their private conversations may be to an outsider looking in, they are not so embarrassing that sealing is warranted. This is particularly true here, where the added embarrassment should be minimal in light of the conduct to which they pled guilty.

The Parties also have not articulated a specific injury that will result if the Court unseals these communications. At sentencing, Mr. Gaffar and Ms. Khan told the Court that, aside from a few family members and close friends, they have lost the support of their community and wider

3

social circle. They are already subject to considerable disdain and ignominy. Those harms flowed from their guilty pleas and sentences. The disclosure of their communications will not change that fact, nor have they shown that disclosure will exacerbate that harm. *See Rossi*, 2008 WL 222323 at *1 (denying motion to seal where defendants argued that publication of factual allegations could damage their reputation, friendships, and family life).

Defendants also contend that disclosure of their private conversations "may even put them in danger" (ECF No. 68 at 2), but they offer no support for that assertion. Certainly, the Court does not want either Defendant to face any personal danger. Defendants committed a crime; they will serve their penalty. Ongoing personal danger should not be part of the equation. But the disclosure of the marital communications will not be the source of any danger Defendants face. Defendants' conduct is already public. The marital communications do not reveal anything different in kind from what is in the public domain, so there is no reason to think they will worsen any danger Defendants face.

B.   **Information Regarding The Government's Investigation**

Information regarding government investigations, including information about cooperators, is the type of information that courts will protect. Indeed, "the public also has a more wide-reaching interest in maintaining the confidentiality of these documents that involves protecting people who provide information to investigators and protecting the integrity of the investigative process, itself." *United States v. Johnson*, 191 F. Supp. 3d 363, 369-70 (M.D. Pa. 2016) (quoting *McKenna v. City of Philadelphia*, No. 98-cv-5835, 2000 WL 1521604, at *2 (E.D. Pa. Sept. 29, 2000)). That is no less true here, even where the Government's investigation has

4

likely come to an end. That is because aside from protecting those who cooperated with the Government in the present matter, the public also has an interest in encouraging others to cooperate in future investigations. *See id.* at 370 ("[F]uture third-party witnesses['] … decision to cooperate could very well be influenced by the assurance of the Government that protective orders are appropriately issued in a given forum."). This coincides with the Government's articulated "interest in protecting the security of [anyone who cooperates with it], in preventing retaliation against them, and in assuring that future, potential cooperators are not deterred from providing vital assistance by any perceived inability of the government to protect them and their loved ones." (ECF No. 68 at 4.)

Given the fact that this case has received both domestic and foreign press coverage, and the fact that ISIS is a potential retaliator, the risk for potential retaliation against cooperating witnesses and those associated with them is significant. Because courts will protect this sort of information from public disclosure, and because disclosure of information relating to cooperation efforts in this case will work a serious injury to those who assisted or attempted to assist the Government, the Government has overcome the presumption in favor of public access, and the Court will permit those materials to remain under seal.

**IV.   CONCLUSION**

The public's right of access to judicial materials cannot be understated. It serves a vital function to ensure public confidence in the justice system. That interest outweighs the Defendants' interest in protecting from public view their personal communications, even if they might cause personal embarrassment. But the interest must yield to the Government's interest

in protecting those who aid Government investigations. The Court will therefore grant the motion in part and deny it in part.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
Joshua D. Wolson, J.

October 8, 2021